UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GE BUSINESS FINANCIAL SERVICES INC., f/k/a Merrill Lynch Business Services Inc., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT H. SPRATT, JR., JOSEPH P. TANNEBERGER, JOHN HARVEY STRATON, III and JON NICHOLS WOOD, <br><br> Defendants. | No. 08 C 6504 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

**I.  Background**

Defendants in this action are guarantors of a commercial loan made by Plaintiff, GE Business Financial Services Inc. ("GE"), to Promenade at Litchfield, LLC ("Promenade") for the purpose of financing a construction project in South Carolina.  GE brought this action for breach of Defendants' payment and performance obligations under the guaranties.  Defendants now move to stay this action pending resolution of related actions in the United States District Court for the District of South Carolina, or, in the alternative, to transfer this action to that court.  For the following reasons, I grant Defendants' motion to stay this action and deny Defendants' alternative motion to transfer the action to the District of South Carolina.

**II. Statement of Relevant Facts**

On July 13, 2007, GE entered into a loan agreement with Promenade to finance construction of a shopping center on property located in South Carolina.  As a condition to the loan, Defendants executed two guaranties in which they guaranteed payment of the loan and

performance of Promenade's obligations in the event that Promenade defaulted on the loan agreement. Both of the guaranties name Illinois law as the governing law and both indicate that they were negotiated and delivered in the state of Illinois.

Two actions have been filed in the District of South Carolina in connection with the construction project and the loan agreement. These two actions were filed separately, but subsequently combined because of the similarity of the issues. In the first action, filed on August 29, 2008, Promenade alleges that GE breached the loan agreement by failing to disperse funds as scheduled according to the terms of the agreement. In response, GE claims that Promenade, not GE, first defaulted on the agreement and that its suspension of loan funds was contractually proper. In the second action, filed on November 4, 2008, GE moves to foreclose on the property because of Promenade's alleged default on the loan agreement. In the present action, GE alleges that Defendants breached obligations under both the payment and performance guaranties and requests repayment of funds dispersed under the loan agreement, interest on these sums, and attorneys' fees. In response to GE's complaint, Defendants have moved to stay this action pending resolution of the South Carolina actions. In the alternative, Defendants move to transfer the action to the District of South Carolina.

### III. Discussion

#### A. Stay of Proceedings

Defendants first move to stay this proceeding pending the results of the actions in the District of South Carolina. When related cases are pending in two federal courts, each of those courts has the power to stay the proceedings before it in deference to the related action. *Whirlpool Fin. Corp. v. Metropolis Capital Group*, No. 90 C 5845, 1991 WL 212112, at *3

(N.D. Ill. Oct. 7, 1991). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to enter such a stay, I may consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Arrivalstar S.S. v. Canadian Nat'l Ry. Co.*, No. 08 c 1086, 2008 WL 2940807, at *2 (N.D. Ill. July 25, 2008).

In bringing this suit, GE complains that Defendants failed to make payments and to perform according to the terms of the two guaranties. GE also claims that Defendants' obligations to act pursuant to the guaranties were triggered by Promenade's default against the loan agreement. Because the consolidated District of South Carolina actions also turn on the question of whether Promenade breached its obligations under the loan agreement, a stay of this action pending the determination in that district of whether a default occurred would eliminate the need for the parties to argue, and this court to decide, the same central issue. This would serve to both simplify the issues in this case as well as reduce the burden of litigation on both the parties and this court.[1]

---

[1] Defendants rely heavily on the first-filed rule in support of their motion to stay. "When two similar actions are filed, the general rule favors the forum of the first-filed suit." *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 832 (N.D. Ill. 2004). Accordingly, district courts normally stay or transfer a federal suit for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court. *Id.* at 833 (citations and quotation omitted). However, the Seventh Circuit does not rigidly adhere to a first-filed rule, *id.* (citing *Trippe Mfg. Co. v. Am. Power Conservation Corp.*, 46 F.3d 624, 629 (7th Cir. 1995), and second-filed actions may proceed where favored by the interests of justice. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-750 (7th Cir. 1987). The interests of justice do not favor proceeding in this second (actually third)-filed case first, and therefore the convention

GE's argument in opposition to Defendants' motion to stay relies on four cases in which courts have refused to enter stays of federal cases on guaranty agreements in deference to state court suits between lenders and borrowers (and one in which a federal court refused to stay a case between a lender and a borrower in favor of a state court suit on a guaranty agreement). *See Mitsui Taiyo Kobe Bank, Ltd. v. First Nat'l Realty & Dev. Co., Inc.*, 788 F. Supp. 1007, 1008 (N.D. Ill. 1992); *Fofi Hotel Co., Inc. v. Davfra Corp.*, 846 F. Supp. 1345, 1352 (N.D. Ill. 1994); *Bank of Montreal v. McKenzie Methane Corp.*, No. 93 C 3610, 1993 WL 420985, at *7 (N.D. Ill. Oct. 18, 1993); *RepublicBank Dallas Nat'l Assoc. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987); *Bank of New York v. Bin Saud*, 628 F. Supp. 474, 476 (S.D.N.Y. 1986). GE claims that because the parties and the actions in the South Carolina cases are not sufficiently parallel to those in this case, I cannot grant a stay of this action. Each of the decisions that GE relies upon applied the *Colorado River* doctrine, an abstention doctrine that typically comes into play where parallel litigation is being carried in federal and state court proceedings. *See generally Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). However, when a party moves for a stay in one federal action in favor of another concurrent federal action, the deciding court has far more discretion in determining whether or not to grant the stay. *Calvert Fire Ins. Co. v. Am. Mutual Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979) ("[T]he circumstances justifying federal court deferral to a state proceeding are still considerably more limited than the circumstances permitting federal court deferral to another federal court."); *accord Overton v. Gonzalez*, No 3:07CV1110(AWT), 2008 WL 1846319, at *1 (D. Conn. April 24, 2008); *Gov't of the Virgin Islands v. Neadle*, 861 F. Supp. 1054, 1056 (M.D. Fla. 1994) ("Where two federal

---

weighs slightly in favor of granting Defendants' motion to stay, and I have considered this in my analysis.

4

courts with concurrent jurisdiction are involved, however, the movant need not demonstrate compelling need for a stay, . . . it must demonstrate merely that the stay is appropriate"); *DeVona v. City of Providence*, 652 F. Supp. 683, 686 (D. R.I. 1987); *United States v. SCM Corp.*, 615 F. Supp. 411, 416 (D. Md. 1985) ("The principles governing contemporaneous exercise of concurrent jurisdiction are more deferential when both courts involved are federal than they are when a federal court is asked to stay its hand in favor of a state-court proceeding.").

Accordingly, I need not conclude that the action before me is parallel or identical to the actions in the District of South Carolina in order to stay this action pending determination of default in the consolidated cases. Because I find that a stay of this action would both streamline a trial in this case and reduce the burden of litigation upon the parties and the court, I grant Defendants' motion to stay this proceeding.

### B. Transfer of Action

Defendants move in the alternative to transfer this action pursuant to 28 U.S.C. § 1404(a) to the District of South Carolina, where it might be consolidated with the two previous actions filed there.[2] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) places discretion with the court to adjudicate motions for transfer according to "individualized, case-by-case consideration of convenience and fairness." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). In order to grant a motion for transfer, I must find that (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer will serve

---

[2] I address this so-called "alternative" argument because it is not clear from the papers before me that in the event I granted the stay, Defendants would still seek a transfer of this case.

the interests of justice. *Id.* The movant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Id.* at 220. The parties do not dispute that venue would be proper in both this district and the District of South Carolina, and the issue turns on whether a transfer will be more convenient and serve the interest of justice.

1. **Convenience of parties and witnesses**

In order to transfer venue, the moving party must show that the transferee forum is "clearly more convenient." *Coffey*, 796 F.2d at 219-20. Under the convenience prong of the transfer analysis, I consider the plaintiff's choice of forum, the convenience of the parties and witnesses, and the location of material events and sources of proof. *Aland v. Kempthorne*, No. 07 CV 4358, 2007 WL 4365340, at *3 (N.D. Ill. Dec. 11, 2007). Defendants do not argue that either the location of material events or the location of sources of proof weigh in favor of transfer, and I find that neither consideration tips the balance in Defendants' favor. Defendants fail to show that South Carolina would be clearly more convenient because they do not carry their burden of showing that the potential convenience to the parties and witnesses outweighs plaintiff GE's choice of forum.

Generally, "[a] plaintiff's choice of forum is entitled to substantial weight under Section 1404(a)." *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). GE, the plaintiff in this action, has a strong interest in this forum because its headquarters are in Illinois. Moreover, the parties signed a forum selection provision in both guaranties in which the parties agreed, in part, to submit to the jurisdiction of the state and federal courts having jurisdiction in Chicago, Illinois and to waive objection to the forum on the basis of inconvenience. Defendants do not challenge the validity of the forum-related provisions in the guaranties. When a forum selection

provision is valid, "there is a strong presumption against transfer." *Commercial Coin Laundry Sys. v. Park P, LLC*, No. 08 CV 1853, 2008 WL 5059192, at *8 (N.D. Ill. Nov. 21, 2008). The existence of a forum-related clause is not in itself dispositive because while it may "waive a party's right to assert his own inconvenience as a reason to transfer a case" it cannot waive the factors of convenience of witnesses and interest of justice. *Heller Financial Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Defendants fail to show that South Carolina would be clearly more convenient for its third party witnesses. Defendants have not identified potential witnesses whose testimony would be required in trying this action, and therefore, I cannot determine the effect of venue on particular third party witnesses by looking to the "nature and quality of the witnesses' testimony with respect to the issues of this case." *Schwarz*, 317 F. Supp. 2d at 836; see also *Heller Financial*, 883 F.2d at 1293 (denying motion to transfer where defendant supplied nothing "containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony").

### 2.     Interest of justice

Defendants also fail to show that a transfer would be in the interest of justice. This prong "may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction." *Aland*, 2007 WL 4365340, at *4 *citing Hawksbill Sea Turtle v. FEMA*, 939 F. Supp. 1, 4 (D.D.C. 1996). Courts assessing whether a transfer would serve the interest of justice consider (1) the speed of the proceeding; (2) the court's familiarity with applicable law; (3) the conservation of judicial resources; and (4) the relation of the

community to the occurrence and the desirability of resolving the controversy it its locale. *Id.* Only the first of these factors weighs in favor of transfer.

Defendants offer statistical evidence from the Administrative Office of the United States Courts to show that while the median number of months from time of filing to final disposition is slightly shorter in this district as compared to the District of South Carolina (6.2 months versus 8 months), the median number of months from time of filing to trial is significantly higher in this district (29.7 months versus 18.5 months). While this factor does weigh in favor of a transfer, it alone, cannot require the transfer.

The guaranties at issue state that they shall be governed by the laws of the State of Illinois. As a federal court sitting in the State of Illinois, this court is frequently called upon to decide issues of Illinois law, more often than federal courts sitting in another state. *See Commercial Coin*, 2008 WL 5059192 at *10. However courts have held that "where the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts." *First Nat'l Bank v. El Camino Res. Ltd.*, 447 F. Supp. 2d 902, 914 (N.D. Ill. 2006) (quotation omitted); *see also Tingstol Co. v. Rainbow Sales, Inc.*, 18 F. Supp. 2d 930, 934 (N.D. Ill. 1998) (treating the applicable law factor as insignificant in a case involving Illinois contract law). This factor does not weigh in favor of transfer.

Defendants argue that the District of South Carolina has a stronger interest in adjudicating this action because a strong connection exists between the construction project and the guaranties to the loan agreement. Defendants cite to two cases in which a court has found that an action related to a construction project has a stronger local connection to the site of the construction than to other locations. *See Reading Metal Craft Co., Inc. v. Hopf Drive Assocs.*, 694 F. Supp.

8

98, 99 (E.D. Pa. 1988); *C Int'l, Inc. v. Turner Constr. Co.*, No. 05 C 1496, 2005 WL 2171178, at *3 (N.D. Ill. Aug. 30, 2005). However, both of the cases cited by Defendants address a breach directly connected with the construction project rather than a breach of a guaranty. Furthermore, finding that the interest of justice always favors hearing an action in the jurisdiction where a construction project is located would render useless any forum-related provision in a guaranty agreement, thereby contradicting the parties' intentions when structuring their agreement.

Finally, Defendants argue that transferring this case to the District of South Carolina would result in the action being tried with the related actions already before the court in that district and allow a single judge to preside over all of the litigation. Defendants point out that this will conserve judicial resources by confining threshold motions, discovery disputes, summary judgment motions, and a trial involving overlapping legal and factual issues to one court. *See Aland*, 2007 WL 4365340, at *5 (concluding that "the amount of overlap is significant that the chance of conflicting orders is real."). While the cases before the District of South Carolina are related to this action, they are separate matters with distinct parties. Considering that I have granted a stay of this motion pending resolution in the South Carolina court of the issue of Promenade's default against the loan agreement, I find that the overlap of issues and chance of conflicting orders is not sufficient to tip the balance in favor of transfer.

Because only one of the four considerations of the interest of justice weighs in favor of transfer and because Defendants do not show that the District of South Carolina would clearly be the more convenient forum, I deny Defendants' motion to transfer this action.

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to stay this action is granted and Defendants' alternative motion to transfer this action to the District of South Carolina is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: April 20, 2009